OPINION
{¶ 1} Plaintiff-appellant, Sherrie M. Lacy, appeals a decision and judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted summary judgment in favor of defendant-appellee, Timothy K. Light, in this action seeking a divorce based on an alleged informal marriage as recognized by Texas law.
 {¶ 2} The parties met in 2000 in Texas, and applied for a marriage license in preparation for their October 2000 marriage ceremony in Ft. Worth, Texas. Although a minister performed a ceremony in the presence of both parties and appellee's children, the parties opted not to have the officiant sign and file the marriage certificate. Instead, according to appellee, the parties planned to move to Ohio within a few months and allegedly intended to obtain a marriage license in Ohio so as to avoid some adverse tax consequences in Texas.
 {¶ 3} The parties lived together in Texas during the last months of 2000, and, in December 2000, appellee moved to Ohio, with appellant following him here in February 2001. An Ohio marriage license was never obtained. The parties cohabited in Ohio until July 2001, when appellant moved out. Appellant then filed a complaint for divorce in May 2002, to which appellee responded with a motion for summary judgment on the grounds that a valid marriage had never existed. Appellant filed a cross-motion for summary judgment, arguing that the parties had a common-law, or informal, marriage as is recognized by Texas law, rendering her action for divorce proper.
 {¶ 4} The trial court addressed these motions in an October 2002 judgment entry in which the court looked to Texas law to determine whether the parties had a valid marriage. Although the court stated that "the Parties have an `informal marriage' under Texas Family Code § 2.401(a)(2)," the court went on to contradict this statement by finding the relationship failed to meet the three-part test for an informal marriage as articulated by the statute. The court granted summary judgment to appellee because it understood the first part of the test to require direct evidence of an express agreement to be presently married, and reasoned that the evidence only supported a future intent to marry, not a present intent. The court concluded that, since the parties' relationship did not pass the first hurdle for a common-law marriage, there was no need to consider the other two prongs of the test.
 {¶ 5} Appellant now assigns one error:
 {¶ 6} "The trial court erred as a matter of law when it granted Appellee's Motion for Summary Judgment."
 {¶ 7} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 9} Appellant argues that both appellee's motion for summary judgment and her own response memorandum and cross-motion for summary judgment raised genuine issues of material fact demonstrating that appellee was not entitled to judgment as a matter of law. Rather than going into factual details, the trial court's decision relied upon its interpretation of Texas law as requiring direct evidence of an agreement to be married, a standard which the court found the parties in this case were unable to meet.
 {¶ 10} In Russell v. Russell (Tex. 1993), 865 S.W.2d 929, the Texas Supreme Court interpreted changes in the Texas Family Code which strove to modify the definition of a common-law marriage as that institution previously had been recognized in Texas. As amended, the relevant code section now requires proof of each of three elements of an informal marriage:
 {¶ 11} "* * * The elements are (1) an agreement to be married, (2) after the agreement, the couple lived together in this state as husband and wife, and (3) the couple represented to others that they were married. The 1989 amendment defines the burden of proof for informal marriages and eliminates the ability of courts to simply infer an agreement to marry from evidence that they lived together as husband and wife and represented to others that they were married. * * *" (Id. at 932.)
 {¶ 12} Although the prior statutes and case law had permitted courts to infer a marriage agreement from evidence of cohabitation and public representation, the 1989 changes to Texas law removed the possibility of inference in favor of a more stringent standard of proof. Nevertheless, Russell interpreted the law as allowing a party asserting an informal marriage to prove his or her case through circumstantial evidence:
 {¶ 13} "* * * Proof of cohabitation and representations to others that the couple are married may constitute circumstantial evidence of an agreement to be married; however, the circumstances of each case must be determined based upon its own facts. We conclude that section 1.91, as amended in 1989, does not require direct evidence of an agreement to be married in order to establish a common law marriage, but that the agreement may be proved by circumstantial evidence."[1]
 {¶ 14} Thus, the issue in the case at bar is whether appellee's motion for summary judgment effectively established that there was no genuine issue of material fact as to whether the parties had an "informal marriage" under Texas law, and that appellee was entitled to judgment as a matter of law.
 {¶ 15} Appellee's motion and supporting affidavit asserted that there was no "legal marriage" under Texas law because the parties did not complete the licensing process due to a lack of acceptance of the marriage by appellee's children, unresolved financial matters, and appellant's desire not to inform her employer of the marriage. He claimed that, although they did have a "wedding ceremony," they only received gifts from a few family members who had been told of their initial plans to wed. Appellee also asserted that, although appellant moved in with him after the wedding ceremony, the couple had difficulty resolving child-rearing and other differences. He suggested that his decision to move to Ohio was unilateral, and that appellant decided to join him when her job was eliminated. He stated that, when appellant moved in, some of the difficulties they had had in Texas resurfaced, and appellant moved out with his financial help in July 2001. Finally, appellee pointed out that the parties had no joint property, no joint bank accounts, and that appellant never took appellee's name.
 {¶ 16} In deciding appellee's motion for summary judgment, the trial court was required to construe the evidence most strongly in appellant's favor. Upon a review of the decision of the trial court, we find the trial court applied an improper standard to the issues as presented in this case. Russell specifically states that a party attempting to establish a common-law marriage is not required to present direct evidence of an agreement to be married, but, rather, may establish a common-law marriage by circumstantial evidence. Id. at 933. The trial court erred by requiring appellant to present direct evidence of an express agreement to be presently married, and then held that the parties' conduct signified a future intent to get married, rather than a present intent. The court concluded that, since the facts did not support a finding of an agreement to marry, there was no need to address the other two prongs of the test, requiring proof of cohabitation and a representation to others that the parties were married.
 {¶ 17} We find that statements contained in appellee's motion for summary judgment and affidavit failed to establish the lack of a genuine issue of material fact as to whether the parties had agreed to a common-law marriage, and, therefore, summary judgment in appellee's favor was not appropriate. Appellant's sole assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed and this cause is remanded to that court for further consideration in light of our opinion.
Judgment reversed and cause remanded.
KLATT and WATSON, JJ., concur.
[1] Tex. Fam. Code 1.91 has since been renumbered and is codified as 2.401(a)(2).