T.C. Summary Opinion 2003-172


UNITED STATES TAX COURT


OUAN BLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4187-01S.              Filed December 30, 2003.


Ouan Bland, pro se.

<u>Daniel N. Price</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined for 1998 a deficiency in petitioner's Federal income tax of $5,495 and an accuracy-related penalty under section 6662(a) and (b)(2) of $1,099. The issues for decision are: (a) Whether petitioner earned unreported nonemployee compensation of $18,774; (b) whether petitioner is liable for self-employment tax on nonemployee compensation; (c) if petitioner did not earn nonemployee compensation of $18,774, whether petitioner was married to James Fullen in tax year 1998 requiring her to: (1) Report one-half of the nonemployee compensation as her income; (2) change her filing status from single to married filing separate; and, (d) whether petitioner is liable for an accuracy-related penalty under section 6662(a)(1) and (d)(2).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in San Antonio, Texas, at the time the petition in this case was filed.

Petitioner is from Thailand and speaks English as a second language. During the year in issue, petitioner was employed as a food server at a restaurant.

Petitioner electronically filed her timely tax return for 1998. She reported her wages from the food service position and

attached a corresponding Form W-2, Wage and Tax Statement. Petitioner received a refund of $1,041 for 1998.

1.  Nonemployee Compensation

Respondent received a Form 1099-MISC, Miscellaneous Income, from San Antonio Kitchens and Baths, Inc. (SAKB), reporting that $18,774 in nonemployee compensation had been paid to petitioner. The Form 1099-MISC bears a Social Security number that does not belong to petitioner.  Additionally, the envelope in which the Form 1099-MISC was mailed bears the United States Postal Service Stamp "Returned to Sender - Insufficient Address".

Respondent obtained copies of the Form 1099-MISC and copies of checks from SAKB payable to petitioner.  The checks bear endorsements which appear to be petitioner's signature.

Respondent issued a notice of deficiency on January 10, 2001, determining that petitioner had unreported income from services rendered to SAKB in the amount of $18,774, and asserting an accuracy-related penalty under section 6662(a) and (b)(2) in the amount of $1,099.  Petitioner timely filed a petition with this Court.

Prior to trial, petitioner told respondent that she did not perform any services for SAKB, nor did she receive any compensation from them.  She advised respondent that Mr. James Fullen, with whom petitioner lives, performed services for SAKB,

the checks were cashed at Mr. Fullen's request, and the proceeds were transferred to him.

The parties filed a Joint Motion for Continuance of Trial so respondent could investigate petitioner's claims and issue a notice of deficiency to Mr. Fullen.  Mr. Fullen gave his Social Security number to respondent.  Respondent's subsequent investigation revealed there was no record in respondent's internal computerized system of the Social Security number Mr. Fullen provided.  Further, there is no record of Mr. Fullen having filed Federal income tax returns between 1991 and 2001.

Petitioner failed to respond to respondent's attempts to obtain additional information.  Respondent sent petitioner two certified letters and left 14 messages over the course of a 6-week period.  Petitioner did not respond to any of respondent's attempted contacts.

Mr. Fullen was an independent contractor salesman for SAKB. The checks were supposed to have been made payable to him. After Mr. Fullen lost his identification, SAKB began making the checks payable to petitioner so that Mr. Fullen would have a vehicle through which he could receive his earnings.  Mr. Fullen explained these circumstances to respondent sometime in July 2002.  During respondent's investigation of this matter, SAKB provided contradictory verbal statements to respondent regarding who performed the services in question.

The $18,774 at issue is composed of 22 separate checks. Petitioner examined these checks and identified three of the checks as bearing her signature. Mr. Fullen signed petitioner's name to many of the checks that were cashed.

Mr. Fullen admits he earned the compensation in issue and it is he who owes the corresponding income tax. He also admits that he has not filed a Federal income tax return for 1998. While under oath, Mr. Fullen gave respondent his Social Security number twice.

While petitioner and Mr. Fullen reside together, they have never been married. Petitioner has never given anyone the impression that she was married to Mr. Fullen.

## Discussion

Respondent contends that if the Court finds that the nonemployee compensation is not attributable to petitioner, respondent will be placed in a classic whipsaw position because respondent has no record of Mr. Fullen as a taxpayer.

Respondent alleges in the alternative, that if petitioner did not earn the nonemployee compensation in issue, petitioner was Mr. Fullen's common law wife and, as such is liable for income tax on one-half Mr. Fullen's income. Respondent also contends that under such circumstances, petitioner is required to change her filing status from single to married filing separate.

Respondent also determined that petitioner is liable for an accuracy-related penalty under section 6662(a) and (b)(2) for not reporting the nonemployee compensation on her Federal individual income tax return.

Respondent's determinations in the notice of deficiency are presumed correct, and, generally, petitioner must prove those determinations wrong in order to prevail. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Where information returns, such as Forms 1099-MISC, serve as the basis for the determination of a deficiency, section 6201(d) may apply to shift the burden of production to respondent. See Estate of Gryder v. Commissioner, T.C. Memo. 1993-141 (citing Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991)).

Under section 6201(d), if a taxpayer, in a court proceeding, asserts a reasonable dispute with respect to the income reported on an information return and fully cooperates with the Commissioner (including providing access to an inspection of all witnesses, information, and documents within the control of the taxpayer as reasonably requested by the Commissioner), then the Commissioner shall have the burden of producing reasonable and probative information in addition to such information return. Sec. 6201(d); see McQuatters v. Commissioner, T.C. Memo. 1998-88.

Petitioner challenges the accuracy of the information provided to respondent in the Form 1099-MISC. She contends the

income reported on the Form 1099-MISC was earned by Mr. Fullen. However, section 6201(d) clearly requires not only that the taxpayer assert a reasonable dispute, but also must have fully cooperated with the Commissioner before the burden of production will shift to the Commissioner. Sec. 6201(d).

Assuming arguendo that petitioner did fully cooperate with respondent, the Court concludes respondent has met his burden of production. Respondent produced copies of checks issued by SAKB, several of which were endorsed by petitioner. The sum total of these checks corresponds to the amount of unreported nonemployee compensation reported on the Form 1099-MISC. Respondent's reliance on the information return is adequately supported by the check copies.

Alternatively, the burden of proof may shift to the Commissioner under section 7491 if the taxpayer establishes compliance with the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Commissioner's reasonable requests. See Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). Section 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by section 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 726.

Although the examination of petitioner's 1998 individual return commenced after July 22, 1998, respondent contends petitioner does not meet the requirements of section 7491(a). Petitioner does not contend otherwise. The Court concludes that section 7491(a) is inapplicable. However, the resolution of the issues in this case does not depend on which party has the burden of proof. We resolve these issues on the preponderance of the evidence in the record.

1. Nonemployee Compensation and Self-Employment Tax

Petitioner cashed checks for Mr. Fullen and transferred the proceeds to him. She identified her signature on only three of the checks in issue. Petitioner contends the signatures on the remaining 19 checks are not hers. At trial, Mr. Fullen admitted he had signed petitioner's name to many of the checks himself.

The Court has examined the signatures on all of the checks in issue. Having compared those signatures to the signatures on the various documents petitioner has filed with the Court, the Court finds that only three of the signatures are petitioner's.

"It is well settled that the mere receipt and possession of money does not by itself constitute taxable income." Liddy v. Commissioner, T.C. Memo. 1985-107, affd. 808 F.2d 312 (4th Cir. 1986).

This Court stated in Diamond v. Commissioner, 56 T.C. 530, 541 (1971), affd. 492 F.2d 286 (7th Cir. 1974): "We accept as

sound law the rule that a taxpayer need not treat as income moneys which he did not receive under a claim of right, which were not his to keep, and which he was required to transmit to someone else as a mere conduit." See also Ancira v. Commissioner, 119 T.C. 135, 138 (2002).

Money received as a mere agent or conduit is not includable in gross income. Liddy v. Commissioner, 808 F.2d at 314; Diamond v. Commissioner, supra at 541; Heminway v. Commissioner, 44 T.C. 96, 101 (1965).

The Court finds credible the testimony of both petitioner and Mr. Fullen that the compensation earned actually belongs to Mr. Fullen. The Court holds the nonemployee compensation is not attributable to petitioner and she is not liable for self-employment tax.

In the Joint Motion for Continuance, respondent expressed his intention to issue a notice of deficiency to Mr. Fullen for the nonemployee compensation in issue. Mr. Fullen has already provided respondent with his Social Security number and has claimed full responsibility for the taxes owed on the compensation. Mr. Fullen's failure to file an individual income tax return for 1998 does not impair respondent's ability to issue a notice of deficiency to him. The open period of limitations serves as an aid in respondent's pursuit of Mr. Fullen for this

outstanding tax liability.  See sec. 6501(c)(3).  This is not a "whipsaw" situation for respondent.

2.  Petitioner's Marital Status

Respondent alleges in the alternative, that petitioner was Mr. Fullen's common law wife and, as such, is liable for income tax on one-half of Mr. Fullen's income.  Under such circumstances, petitioner's proper filing status would be married filing separate instead of single.  See sec. 1(d).

The three elements of a common law marriage in Texas are: (1) The couple agreed to be married; (2) after the agreement, they lived together as husband and wife; and, (3) they represented to others that they are married.  See Tex. Fam. Code Ann. sec. 2.401(a) (Vernon 1998); Russell v. Russell, 865 S.W.2d 929, 932 (Tex. 1993).  All three elements must coexist to establish a valid common law marriage.  Winfield v. Renfro, 821 S.W.2d 640, 645 (Tex. App. 1991).

While they did reside together during 1998, petitioner and Mr. Fullen have never been married to each other.  Petitioner testified that she never gave anyone the impression she was married to Mr. Fullen.  The Court finds her testimony credible. The Court holds petitioner was not married to Mr. Fullen during 1998.  The Court holds further that petitioner's correct filing status for taxable year 1998 is single.

In light of the Court's holdings that the income in issue is not attributable to petitioner, and petitioner was not Mr. Fullen's common law wife, the Court holds further that petitioner is not liable for accuracy-related penalties under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.