Warren P. CANADY and Sonya
C. Woods, Appellants,

v.

Christal RUSSELL, Appellee.

No. 12–03–00269–CV.

Court of Appeals of Texas,
Tyler.

March 30, 2004.

Warren P. Canady, pro se.

Allyson A. Mitchell, Palestine, for appellee.

Panel consisted of JAMES T. WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Warren P. Canady ("Canady") and Sonya C. Woods ("Woods") filed a petition with the County Court at Law in Anderson County seeking an order requiring Christal Russell ("Russell"), a deputy county clerk of Anderson County, Texas, to register their declaration of informal marriage. The trial court denied the petition. In one issue, Canady and Woods contend that the trial court erred because intent to cohabit at a later date after the declaration has been filed is sufficient to establish an informal marriage. We affirm.

### BACKGROUND

Canady is an inmate in the Michael Unit of the Texas Department of Criminal Jus-

tice—Institutional Division ("TDCJ–ID") in Tennessee Colony, Anderson County, Texas. Woods is an inmate in the TDCJ–ID Riverside Unit in Gatesville, Coryell County, Texas. Tennessee Colony and Gatesville are over one hundred and fifty miles apart.

On or about February 1, 2003, Canady and Woods filed for a marriage license with the Anderson County clerk's office. Russell, a deputy county clerk, returned the application to Canady and Woods because it failed to comply with Section 2.004 of the Texas Family Code. Canady and Woods then submitted documentation to Russell under Section 2.401 of the Texas Family Code alleging that they had an informal marriage. Russell refused to certify or record the declaration filed by Woods and Canady due to their failure to comply with Section 2.404 of the Texas Family Code. Woods and Canady then filed suit in the County Court at Law in and for Anderson County stating that they "seek validation of their marriage relationship." The trial court conducted a hearing on July 23, 2003. The uncontroverted evidence at trial showed that Canady and Woods had never lived together. They stated their intention to live together as husband and wife after both were released from the prison system. Woods and Canady both testified that they had not appeared in person in the Anderson County clerk's office to comply with Section 2.404(a) of the Texas Family Code. The trial court then entered a final judgment denying all relief sought by Canady and Woods against Russell. This appeal followed.

### ISSUE PRESENTED

In their sole issue, Canady and Woods contend that evidence of intent to cohabit at a later date is sufficient to establish an informal marriage in Texas.

### STANDARD OF REVIEW

In a nonjury trial, where no findings of fact or conclusions of law are filed, it will be implied that the trial court made all of the necessary findings to support its judgment. *See Holt Atherton Indus. Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). When, as in this case, a statement of facts is brought forward, these implied findings may be challenged by factual or legal sufficiency points. *Id.* at 84. When implied findings by the trial court are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

### COMMON LAW MARRIAGE

Informal marriages are more commonly known in Texas as common law marriages, and they have been recognized in this state since 1847. *See Russell v. Russell,* 865 S.W.2d 929, 931 (Tex.1993). Evidence of an informal marriage, or common law marriage, in Texas is clearly established by Section 2.401(a) of the Texas Family Code which states as follows:

**Proof of Informal Marriage**

(a) In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

(1) a declaration of their marriage has been signed by this subchapter; or

(2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

TEX. FAM.CODE ANN. § 2.401(a) (Vernon 1998).

Section 2.402 of the Texas Family Code sets out the form for declaration and registration of an informal marriage and specifically requires a printed declaration and oath stating the three requirements of an informal marriage set out in Section 2.401(a)(2). *See* TEX. FAM.CODE ANN. § 2.402(5) (Vernon 1998). Once this declaration and registration of an informal marriage has been filed, the county clerk must then follow Section 2.404 of the Texas Family Code in determining whether to file it. That section provides, in pertinent part, as follows:

**Recording of Declaration of Informal Marriage**

(a) The county clerk shall:

(1) determine that all necessary information is recorded on the declaration of informal marriage form and that all necessary documents are submitted to the clerk;

(2) administer the oath to each party to the declaration;

(3) have each party sign the declaration in the clerk's presence; and

(4) execute the clerk's certificate to the declaration.

(b) The county clerk may not certify or record the declaration if:

(1) either party fails to supply any information or provide any document required by this subchapter;

(2) either party is under 18 years of age; or

(3) either party checks "false" in response to the statement of relationship to the other party.

(c) On execution of the declaration, the county clerk shall record the declaration and all documents submitted with the declaration or note a summary of them on the declaration form, deliver the original of the declaration to the parties, and send a copy to the bureau of vital statistics.

(d) A declaration recorded as provided in this section is prima facie evidence of the marriage of the parties.

TEX. FAM.CODE ANN. § 2.404(a)-(d) (Vernon 1998).

■ Living together as man and wife is the second element of an informal or common law marriage. *See Russell,* 865 S.W.2d at 931. Without legally and/or factually sufficient evidence of cohabitation between a man and woman, an alleged informal marriage does not exist in a form recognized by the State of Texas. *See id.* at 933. Canady and Woods concede in their pleadings and in their testimony at trial that they have never cohabited. Their testimony was that they intended to live together when they were both released from prison. Further, they both testified that they had failed to appear in the Anderson County clerk's office to comply with the requirements of Section 2.404. Therefore, we hold that the evidence supports the trial court's judgment. The sole issue presented by Canady and Woods is overruled.

### CONCLUSION

Having overruled the sole issue of Canady and Woods, the judgment of the trial court is *affirmed.*