T.C. Summary Opinion 2015-6

UNITED STATES TAX COURT

LETICIA SAENZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15206-13S.                    Filed February 3, 2015.

<u>David S. Hansen</u>, for petitioner.

<u>Bryan J. Dotson</u> and <u>Sheila R. Pattison</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,747 in petitioner's Federal income tax for the 2011 tax year. The only issue for decision is whether petitioner is entitled to claim her daughter, Mrs. Saenz, and grandchild, DS,[2] as qualifying children for purposes of the dependency exemption deduction, the earned income tax credit, and the additional child tax credit on her 2011 return.

## Background

Some of the facts have been stipulated and are so found.[3] The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Texas when the petition was filed.

Petitioner timely filed her 2011 Federal income tax return as head of household and claimed: (1) dependency exemption deductions for Mrs. Saenz and DS; (2) the earned income tax credit with respect to Mrs. Saenz and DS; and (3) the additional child tax credit with respect to DS.

---

[2]It is the policy of this Court not to identify minors by their names. We refer to petitioner's grandchild (Mrs. Saenz' daughter) by using her initials. See Rule 27(a)(3).

[3]At trial the Court granted petitioner's motion to withdraw paragraph 10 of the stipulation of facts. The stipulation of facts was admitted into evidence with the exception of paragraph 10.

Mrs. Saenz and DS resided with petitioner from January 2011 until August 2011, and petitioner supported both of them throughout this time. For the remainder of 2011 Mrs. Saenz and DS resided with Michael Nieto.

On April 15, 2012, Mrs. Saenz and Mr. Nieto filed a joint income tax return for the 2011 tax year and attached a statement to the return representing that they were married. On their joint return they claimed a dependency exemption deduction for DS and the earned income tax credit with respect to DS.

Over a year after Mrs. Saenz filed her joint return, she signed a notarized document stating that she had never been married. At trial Mr. Nieto testified that he is currently married to Mrs. Saenz and that he agreed to marry her when they "signed their tax return" and "decided to file jointly". An affidavit signed by Mrs. Saenz's brother stated that Mrs. Saenz "left to go with her boyfriend in August 2011." Mrs. Saenz did not appear at trial.

On the notice of deficiency, mailed April 1, 2013, respondent disallowed petitioner's dependency exemption deductions for Mrs. Saenz and DS, the earned income tax credit with respect to Mrs. Saenz and DS, and the additional child tax credit for DS. Respondent contends that Mrs. Saenz was married in 2011 and that both she and her child, DS, were claimed on another return filed for that year.

## Discussion

### I. Burden of Proof

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that the burden of proof as to any factual issue should shift to respondent under section 7491(a).

### II. Qualifying Child Under Section 152(c)

Petitioner's entitlement to claim Mrs. Saenz and DS as qualifying children for purposes of the section 32 earned income tax credit and claim DS as a qualifying child for purposes of the section 24 additional child tax credit depends on whether Mrs. Saenz and DS are qualifying children for purposes of section 152 (which relates to the dependency exemption deduction) because both credits define the term "qualifying child" with reference to the definition of the same term as it appears in section 152(c).[4] See secs. 24(c)(1), 32(c)(3), 151(c). We therefore examine the status of Mrs. Saenz and DS as qualifying children under section

---

[4]Sec. 24 additionally requires the "qualifying child" to be under the age of 17. DS was under the age of 17 at the close of 2011.

152(c) to determine petitioner's entitlement to the credits and dependency exemption deductions at issue.

Section 152(c) provides that a qualifying child must be, among other things, the taxpayer's child or a descendant of the taxpayer's child. In addition to other requirements which the parties agreed are satisfied, a qualifying child must be an individual who has not filed a joint return with the individual's spouse under section 6013 for the same taxable year for which the taxpayer is claiming the qualifying child. Sec. 152(c)(1)(E).

Petitioner argues that Mrs. Saenz and DS are qualifying children because the former is petitioner's child and the latter is petitioner's grandchild. Furthermore, petitioner argues that Mrs. Saenz was not in a valid common law marriage pursuant to the laws of the State of Texas during 2011 and thus was unable to file a joint return for that year. Therefore, petitioner argues, section 152(c)(1)(E) does not prevent her from claiming Mrs. Saenz and DS as qualifying children for purposes of the dependency exemption deductions, the earned income tax credit, and the additional child tax credit on her 2011 return. Respondent's sole contention is that petitioner was not entitled to these credits and the dependency exemption deductions on her 2011 tax return because Mrs. Saenz and

Mr. Nieto were "common law" married in 2011 as defined by the Texas statute and filed a joint return for the same year.

We apply the law of the State of Texas to determine whether the relationship between Mrs. Saenz and Mr. Nieto was a legal and valid marriage during 2011. See Nicholas v. Commissioner, T.C. Memo. 1991-393; Schmidt v. Commissioner, T.C. Memo. 1981-38. The three elements of a common law marriage in Texas are: (1) the couple agreed to be married; (2) after the agreement, they lived together as husband and wife; and (3) they represented to others that they are married. See Tex. Fam. Code Ann. sec 2.401(a) (West 2006); Russell v. Russell, 865 S.W.2d 929, 932 (Tex. 1993). All three elements must coexist to establish a valid common law marriage. Winfield v. Renfro, 821 S.W.2d 640, 645 (Tex. App. 1991).

While Mrs. Saenz and Mr. Nieto did reside together during 2011, we find that they were not married for this year. As of August 2011 Mrs. Saenz's brother believed that Mr. Nieto was her boyfriend. Furthermore, Mr. Nieto testified at trial that he and Mrs. Saenz agreed to be married when they signed and filed their tax return. Specifically, he stated that "if we filed jointly there, according to the law or something, we would be common-law married." Because Mrs. Saenz and

Mr. Nieto jointly filed their 2011 tax return in 2012, they did not agree to be married until 2012.

The Court finds, therefore, that Mrs. Saenz was not married, common law or otherwise, to Mr. Nieto in 2011. Because they were not married in 2011, Mrs. Saenz did not file a joint return with her spouse "under section 6013" and therefore does not fail the requirement in section 152(c)(1)(E). Therefore, petitioner could claim Mrs. Saenz as a qualifying child for purposes of the dependency exemption deduction and the earned income tax credit on her 2011 tax return.

DS meets the requirements under section 152(c)(1) to be both petitioner's qualifying child and Mrs. Saenz's qualifying child: (1) she is petitioner's grandchild and Mrs. Saenz's daughter; (2) she had the same principal place of abode as petitioner and Mrs. Saenz for more than one-half of 2011; (3) she was a minor during 2011; (4) she did not provide more than one-half of her own support in 2011; and (5) she was not married and did not file a joint return for 2011. See sec. 152(c)(1)(A)-(E). In these situations, the tie-breaker rule under section 152(c)(4)(A) provides that if an individual may be claimed as a qualifying child by two or more taxpayers for a taxable year, such individual shall be treated as the qualifying child of the taxpayer who is the parent of the individual. Sec.

152(c)(4)(A). However, section 152(b)(1) provides that if an individual is a dependent of a taxpayer for any taxable year that individual shall be treated as having no dependents for that year.

Even though both petitioner and Mrs. Saenz claimed DS as a qualifying child on their respective 2011 tax returns, Mrs. Saenz was barred from doing so because she was a dependent of petitioner for that year. See sec. 152(b)(1). Since petitioner is the only individual who can claim DS as a qualifying child, the tie-breaker rule in section 154(c)(4)(A) does not apply. Therefore, petitioner could claim DS as a qualifying child for purposes of the dependency exemption deduction, the earned income tax credit, and the additional child tax credit for the 2011 tax year. See secs. 152(c)(4)(A), 24(c)(1), 32(c)(3).

Accordingly, petitioner is entitled to the dependency exemption deductions, the earned income tax credits, and the additional child tax credit claimed on her 2011 tax return.

To reflect the foregoing,

Decision will be entered

for petitioner.