T.C. Summary Opinion 2017-62

UNITED STATES TAX COURT

ALAN GREGORY WOOLSEY AND ANITA LEE WOOLSEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1890-15S.                     Filed August 10, 2017.

Stuart H. Clements and Jaime Vasquez, for petitioners.

Maria Cerina De Ramos, for respondent.

SUMMARY OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2012 Federal income tax of $6,232 and an accuracy-related penalty under section 6662(a) of $1,246.  The issues for decision are:

(1) whether petitioners are entitled to dependency exemption deductions for their daughter Amberley Ann Sahadi and for their grandchildren M.A.G, M.M.G., and L.L.S.;[2]

(2) whether petitioners are entitled to the child tax credit in respect of M.A.G., M.M.G., and L.L.S.; and

(3) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended and in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts have been rounded to the nearest dollar.

[2] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).  The Court does so throughout this Summary Opinion even though two of petitioners' grandchildren were no longer minors at the time of trial and one of them testified on behalf of petitioners at trial.

## Background

Some of the facts have been stipulated, and they are so found. The Court incorporates by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in the State of Texas at the time that the petition was filed with the Court.

Petitioners filed their 2012 Form 1040, U.S. Individual Income Tax Return, as married filing jointly and claimed: (1) dependency exemption deductions for their daughter Amberley Ann Sahadi (Ms. Sahadi) and for their grandchildren M.A.G., M.M.G., and L.L.S.; and (2) the child tax credit in respect of M.A.G., M.M.G., and L.L.S. The latter three individuals are Ms. Sahadi's children.

In 2012 Ms. Sahadi was 38 years old. Over the years Ms. Sahadi has struggled with substance abuse, and she entered a rehabilitation facility for a week in 2012. During that year petitioners provided financial support to Ms. Sahadi, as well as to M.A.G., M.M.G., and L.L.S. for, among other things, clothing, medical and dental expenses, car expenses, insurance, cell phone expenses, and school supplies.

During the year in issue Ms. Sahadi, M.A.G., M.M.G., and L.L.S. resided with petitioners at petitioners' residence in Corpus Christi, Texas, from January until September.

In September 2012 petitioners purchased a mobile home in Corpus Christi, Texas, for Ms. Sahadi, M.A.G., M.M.G., and L.L.S. At some point thereafter during that year Ian G. Athas (Mr. Athas) moved into the mobile home with Ms. Sahadi and her three children. Mr. Athas is not the biological father of any of the children.

In April 2013 Ms. Sahadi and Mr. Athas signed and filed a Form 1040 for 2012 (Sahadi return), signifying their filing status by checking the box for "Married filing jointly". At the bottom of page 2 of the Sahadi return, in the section labeled "Paid Preparer Use Only", was the preparer's name, Ruth Bush, and the "Firm's name", Jackson Hewitt Tax Service. As relevant, Ms. Sahadi and Mr. Athas claimed on the Sahadi return: (1) dependency exemption deductions for M.A.G., M.M.G., and L.L.S. and (2) the additional child tax credit in respect of M.A.G., M.M.G., and L.L.S. Respondent accepted and processed the return and issued the refund that Ms. Sahadi and Mr. Athas had requested on the Sahadi return.

In November 2014 respondent sent petitioners a notice of deficiency disallowing (1) petitioners' dependency exemption deductions for Ms. Sahadi and for M.A.G., M.M.G., and L.L.S. and (2) the child tax credit in respect of M.A.G., M.M.G., and L.L.S. Additionally, respondent determined that petitioners were liable for the accuracy-related penalty under section 6662(a) and (b)(1) and (2) on the basis of both negligence or disregard of rules or regulations and substantial understatement of income tax. In response, petitioners filed a timely petition for redetermination with the Court.

This case was originally called for trial on March 21, 2016, in San Antonio, Texas. At that time petitioner Alan Gregory Woolsey (Mr. Woolsey) appeared and met with pro bono counsel, who advised him that Ms. Sahadi was an important witness. Mr. Woolsey then orally moved for a continuance in order to allow petitioners time to call Ms. Sahadi as a witness on their behalf. The Court granted Mr. Woolsey's motion.

In due course this case was called for trial on Monday, January 9, 2017, in San Antonio. At that time petitioner Anita Lee Woolsey (Mrs. Woolsey) appeared and met with pro bono counsel, who then entered their appearances on petitioners' behalf and tried the case that afternoon. Although Ms. Sahadi was apparently in the hospital from January 6 through 9, 2017, and therefore not available to testify

on January 9, petitioners neither requested that the case be tried later during the week of January 9 nor moved for a continuance.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination in a notice of deficiency is presumed to be correct, and the taxpayer bears the burden to show otherwise. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940). Although the burden may shift to the Commissioner under section 7491(a) if certain requirements are satisfied, petitioners have not alleged that the section applies, and the record does not support its applicability.

### II. Dependency Exemption Deductions

In computing taxable income section 151(c) allows as a deduction an exemption for each dependent of a taxpayer. Section 152(a) defines the term "dependent" to mean either a "qualifying child", see sec. 152(a)(1), (c), or a "qualifying relative", see sec. 152(a)(2), (d), of the taxpayer.

A. <u>Qualifying Relative</u>

Petitioners do not contend that Ms. Sahadi was a qualifying child; rather, they contend that she was a qualifying relative.

The term "qualifying relative" means an individual: (A) who bears a specified relationship to the taxpayer; (B) whose gross income is less than the exemption amount; (C) with respect to whom the taxpayer provides over one-half of the individual's support; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer. Sec. 152(d)(1). However, even if an individual satisfies the requirements of section 152(d)(1), the individual may not be treated as a dependent of a taxpayer if he or she filed a joint income tax return with his or her spouse "for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins." Sec. 152(b)(2).

Respondent does not dispute that Ms. Sahadi satisfies the requirements of section 152(d)(1); however, in respondent's view, the Sahadi return disqualifies Ms. Sahadi from being claimed as petitioners' dependent pursuant to section 152(b)(2). In that regard, respondent argues that the Sahadi return is evidence of a common law marriage and contends that petitioners have not satisfied their burden of establishing otherwise.

In contrast, petitioners contend that the Sahadi return is a fraudulent return, and thus invalid, because Ms. Sahadi and Mr. Athas were not in a valid common law marriage in 2012 under Texas law or otherwise legally married. Therefore, petitioners argue that section 152(b)(2) does not bar them from claiming Ms. Sahadi as a qualifying relative for purposes of the dependency exemption deduction.

The Court applies Texas law to determine whether the relationship between Ms. Sahadi and Mr. Athas was a legal and valid common law marriage in 2012. See Nicholas v. Commissioner, T.C. Memo. 1991-393; Schmidt v. Commissioner, T.C. Memo. 1981-38. The three elements of a common law marriage in Texas are: (1) the couple agreed to be married; (2) after the agreement, they lived together as husband and wife; and (3) they represented to others that they are married. See Tex. Fam. Code Ann. sec. 2.401(a) (West 2006); Russell v. Russell, 865 S.W.2d 929, 932 (Tex. 1993). All three elements must coexist to establish a valid common law marriage. Winfield v. Renfro, 821 S.W.2d 640, 645 (Tex. App. 1991).

On the record before us there is insufficient evidence to support a finding that Ms. Sahadi and Mr. Athas were not "common law" married in 2012. Although Mrs. Woolsey and M.A.G. testified at trial that neither was aware that

Ms. Sahadi was married to Mr. Athas in 2012, the Sahadi return is strong evidence that a common law marriage existed between Ms. Sahadi and Mr. Athas. Petitioners did not seek to call Ms. Sahadi (or Mr. Athas) to testify at trial even though Mr. Woolsey had previously been told that his daughter was an important witness and requested (and was granted) a continuance on that basis. Under the circumstances presented, and given the record before us, the Court is not prepared to hold that the Sahadi return that Ms. Sahadi and Mr. Athas filed was invalid because they were not married absent testimony from Ms. Sahadi (or Mr. Athas) or at least more definitive evidence than that presented. Accordingly, the Court holds that Ms. Sahadi was not a qualifying relative of petitioners for 2012. See Rule 142(a). Respondent's determination that petitioners are not entitled to a dependency exemption deduction for her is therefore sustained.

B.  Qualifying Child

Petitioners contend that M.A.G., M.M.G., and L.L.S. were their qualifying children for 2012.

In order to be a taxpayer's "qualifying child", an individual must: (A) bear a specified relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; (D) have not provided more than one-half of his or her own support

for the year; and, if married; (E) have not filed a joint return (other than only for a claim of refund) with his or her spouse. Sec. 152(c)(1).

M.A.G., M.M.G., and L.L.S. satisfy the requirements under section 152(c)(1) to be qualifying children of both petitioners and Ms. Sahadi: (1) they are petitioners' grandchildren and Ms. Sahadi's children; (2) they had the same principal place of abode as petitioners and Ms. Sahadi for more than one-half of 2012; (3) they were minors during 2012; (4) they did not provide more than one-half of their own support in 2012; and (5) none of them were married and therefore none filed a joint return for 2012. See sec. 152(c)(1)(A)-(E). In this type of situation, the tie-breaker rule under section 152(c)(4)(A) provides that if an individual may be claimed as a qualifying child by two or more taxpayers for a taxable year, the individual shall be treated as the qualifying child of the taxpayer who is the parent of the individual. Accordingly, M.A.G., M.M.G., and L.L.S. were the qualifying children of Ms. Sahadi. Petitioners are therefore not entitled to dependency exemption deductions for them for 2012.

## III. Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to each "qualifying child", as defined in section 152(c), who has not attained age 17. Because we have concluded that M.A.G., M.M.G., and

L.L.S. were not qualifying children, as defined in section 152(c), of petitioners for 2012, it follows as a matter of law that petitioners are not entitled to a child tax credit for that year for them.

IV. Accuracy-Related Penalty

As relevant herein, section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the amount of any underpayment attributable to either (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. See sec. 6662(c) (regarding negligence) and (d) (regarding a substantial understatement of income tax).

"Negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). By definition an understatement generally is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A).

With respect to a taxpayer's liability for the penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to produce sufficient evidence indicating that it is appropriate to

impose the penalty. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Once the Commissioner satisfies the burden of production, the taxpayer must produce persuasive evidence that the Commissioner's determination is incorrect. <u>See</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115; <u>Higbee v. Commissioner</u>, 116 T.C. at 447.

Respondent has satisfied his burden by demonstrating that petitioners claimed, contrary to law, dependency exemption deductions for Ms. Sahadi and M.A.G., M.M.G., and L.L.S., as well as the child tax credit in respect of Ms. Sahadi's three children (i.e., petitioners' grandchildren). <u>See</u> sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The decision whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. <u>Id.</u> para. (b)(1). Generally, the most important factor in so deciding is the extent of the taxpayer's effort to assess the proper tax liability. <u>Id.</u>

The record demonstrates that petitioners, at the time that they filed their 2012 Form 1040, did not regard Ms. Sahadi as "common law" married to Mr. Athas. The record also demonstrates that petitioners did not know, at the time that they filed their Form 1040, that Ms. Sahadi intended to file (or had filed) the Sahadi return with Mr. Athas as "Married filing jointly" claiming M.A.G., M.M.G., and L.L.S. as dependents. Moreover, petitioners provided substantial financial support for Ms. Sahadi as well as M.A.G., M.M.G., and L.L.S. in 2012 and may very well have provided more than half of their support. Under these circumstances the Court holds that petitioners have satisfied their burden of proving reasonable cause and good faith. Accordingly, petitioners are not liable for the accuracy-related penalty for 2012, and respondent's determination to the contrary is not sustained.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency in income tax and for petitioners as to the accuracy-related penalty.