OPINION HEADING PER CUR 




 NO. 12-03-00269-CV


 

IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




WARREN P. CANADY AND
§
 APPEAL FROM THE

SONYA C. WOODS,

APPELLANTS

 

V.
§
 COUNTY COURT AT LAW



CHRISTAL RUSSELL,

APPELLEE
§
 ANDERSON COUNTY, TEXAS







OPINION


 Warren P. Canady ("Canady") and Sonya C. Woods ("Woods") filed a petition with the
County Court at Law in Anderson County seeking an order requiring Christal Russell ("Russell"),
a deputy county clerk of Anderson County, Texas, to register their declaration of informal marriage. 
The trial court denied the petition. In one issue, Canady and Woods contend that the trial court erred
because intent to cohabit at a later date after the declaration has been filed is sufficient to establish
an informal marriage. We affirm.


Background


 Canady is an inmate in the Michael Unit of the Texas Department of Criminal Justice-
Institutional Division ("TDCJ-ID") in Tennessee Colony, Anderson County, Texas. Woods is an
inmate in the TDCJ-ID Riverside Unit in Gatesville, Coryell County, Texas. Tennessee Colony and
Gatesville are over one hundred and fifty miles apart.

 On or about February 1, 2003, Canady and Woods filed for a marriage license with the
Anderson County clerk's office. Russell, a deputy county clerk, returned the application to Canady
and Woods because it failed to comply with Section 2.004 of the Texas Family Code. Canady and
Woods then submitted documentation to Russell under Section 2.401 of the Texas Family Code
alleging that they had an informal marriage. Russell refused to certify or record the declaration filed
by Woods and Canady due to their failure to comply with Section 2.404 of the Texas Family Code. 
Woods and Canady then filed suit in the County Court at Law in and for Anderson County stating
that they "seek validation of their marriage relationship." The trial court conducted a hearing on
July 23, 2003. The uncontroverted evidence at trial showed that Canady and Woods had never lived
together. They stated their intention to live together as husband and wife after both were released
from the prison system. Woods and Canady both testified that they had not appeared in person in
the Anderson County clerk's office to comply with Section 2.404(a) of the Texas Family Code. The
trial court then entered a final judgment denying all relief sought by Canady and Woods against
Russell. This appeal followed.


Issue Presented


 In their sole issue, Canady and Woods contend that evidence of intent to cohabit at a later
date is sufficient to establish an informal marriage in Texas. 


Standard of Review


 In a nonjury trial, where no findings of fact or conclusions of law are filed, it will be implied
that the trial court made all of the necessary findings to support its judgment. See Holt Atherton
Indus. Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). When, as in this case, a statement of facts is
brought forward, these implied findings may be challenged by factual or legal sufficiency points. 
Id. at 84. When implied findings by the trial court are supported by the evidence, the appellate court
must uphold the judgment on any theory of law applicable to the case. Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990). 


Common Law Marriage


 Informal marriages are more commonly known in Texas as common law marriages, and they
have been recognized in this state since 1847. See Russell v. Russell, 865 S.W.2d 929, 931 (Tex.
1993). Evidence of an informal marriage, or common law marriage, in Texas is clearly established
by Section 2.401(a) of the Texas Family Code which states as follows:


 Proof of Informal Marriage


 (a) In a judicial, administrative, or other proceeding, the marriage of a man and
woman may be proved by evidence that:


 (1) a declaration of their marriage has been signed by this subchapter; or


 (2) the man and woman agreed to be married and after the agreement they
lived together in this state as husband and wife and there represented to
others that they were married.


Tex. Fam. Code Ann. § 2.401(a) (Vernon 1998).

 Section 2.402 of the Texas Family Code sets out the form for declaration and registration of
an informal marriage and specifically requires a printed declaration and oath stating the three
requirements of an informal marriage set out in Section 2.401(a)(2). See Tex. Fam. Code Ann.
§ 2.402(5) (Vernon 1998). Once this declaration and registration of an informal marriage has been
filed, the county clerk must then follow Section 2.404 of the Texas Family Code in determining
whether to file it. That section provides, in pertinent part, as follows:


 Recording of Declaration of Informal Marriage


 (a) The county clerk shall:


 (1) determine that all necessary information is recorded on the declaration
of informal marriage form and that all necessary documents are submitted
to the clerk;


 (2) administer the oath to each party to the declaration;


 (3) have each party sign the declaration in the clerk's presence; and 


 (4) execute the clerk's certificate to the declaration.


 (b) The county clerk may not certify or record the declaration if:


 (1) either party fails to supply any information or provide any document
required by this subchapter;


 (2) either party is under 18 years of age; or


 (3) either party checks "false" in response to the statement of relationship
to the other party.


 (c) On execution of the declaration, the county clerk shall record the declaration and all
documents submitted with the declaration or note a summary of them on the declaration form,
deliver the original of the declaration to the parties, and send a copy to the bureau of vital
statistics.


 (d) A declaration recorded as provided in this section is prima facie evidence of the marriage
of the parties.


Tex. Fam. Code Ann. § 2.404(a)-(d) (Vernon 1998).

 Living together as man and wife is the second element of an informal or common law
marriage. See Russell, 865 S.W.2d at 931. Without legally and/or factually sufficient evidence of
cohabitation between a man and woman, an alleged informal marriage does not exist in a form
recognized by the State of Texas. See id. at 933. Canady and Woods concede in their pleadings and
in their testimony at trial that they have never cohabited. Their testimony was that they intended to
live together when they were both released from prison. Further, they both testified that they had
failed to appear in the Anderson County clerk's office to comply with the requirements of Section
2.404. Therefore, we hold that the evidence supports the trial court's judgment. The sole issue
presented by Canady and Woods is overruled.


Conclusion


 Having overruled the sole issue of Canady and Woods, the judgment of the trial court is
affirmed.




 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




(PUBLISH)