**AFFIRM; and Opinion Filed January 28, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00452-CV

## IN THE INTEREST OF J.G.S., A CHILD

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-16-0898**

# MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Reichek

In this appeal, Mother challenges the trial court's determination that she was not informally married to Father. After reviewing the record and applicable law, we affirm the trial court's order.

### Factual Background

Mother and Father are the parents of two children: six year old J.G.S and twenty-one year old A.S. On May 19, 2016, Mother filed a petition for divorce asserting she and Father were married "on or about 1996 and ceased to live together as a married couple on or about February 14, 2016." Father answered and asserted a verified plea stating Mother was not entitled to recover in the capacity in which she sued, and Father was not liable in the capacity in which he was sued, "because there is no existing marriage between the parties." The issue of whether Mother and Father were married pertained primarily to whether Mother had a community property interest in the house in which she and Father had resided.

A temporary orders hearing was conducted on June 15. When Mother began to testify at the hearing about her purported marriage to Father, the trial judge indicated he did not want to address the matter of whether an informal marriage existed between the parties at that time. The focus of the hearing was temporary conservatorship of the parties' minor child, payment of child support, and the use and possession of the parties' property. The trial court signed temporary orders on these matters on July 18.

A final hearing in the case was conducted on November 27, 2017. Four witnesses were called to testify: Mother; Father; Mother's oldest son, Michael; and Father's father, Luis. Mother testified that, although they did not have a marriage certificate, in her mind she and Father agreed to be informally married when they moved in together in March 1996. She stated neither of them proposed to the other, but "[w]e just said that we're going to be together and so we started being together." She further stated Father would always introduce her to his family and friends as his wife. Mother conceded that, every year from 1996 to 2016, she filed her tax return as a single person. She further conceded that the deed to the house she and Father had been living in since 2003 did not name her as one of the owners. Instead the original warranty deed named Father and Luis as the grantees.

Michael testified he believed Mother and Father were married because "it's a relationship" and they had two children together. He admitted, however, he had no knowledge of any agreement between Mother and Father to be married. When asked to specify occasions he could recall Mother and Father holding themselves out as a married couple, he stated that, during his sister's Quinceañera, he didn't interact much with Father, "but I knew he was with my mother." Michael later testified Father once introduced him as his wife's son.

Father acknowledged he and Mother had been living together for more than twenty years and had two children together. But he stated they never agreed to be married and Mother never

introduced him to anyone as her husband. Father further stated he stayed with Mother only because Luis told him to and he did not want A.S. to be raised by a stepfather. Father confirmed he and Mother never filed a tax return together as a married couple.

Luis testified Mother and Father lived with him and his wife for three years before they moved into the house next door in 2003. Because of their proximity, Luis saw Mother almost daily. According to Luis, Mother and Father never agreed to be married and his son never held himself out as being married to Mother. Luis stated Mother told him she and Father "don't have any commitment" and, because she did not have a husband, she was the one in charge of things at the house.

After hearing the evidence, the trial judge stated he had "great concerns" regarding Father's credibility. He concluded, however, that Mother failed to meet her burden to show she and Father had agreed to be informally married. The trial court signed an Order in Suit Affecting the Parent-Child Relationship appointing Mother and Father joint managing conservators of J.G.S. In the order, the court stated, among other things, that it found Mother and Father "were never married formally or informally" and ordered the house in which they had been living was Father's separate property. Mother brought this appeal.

**Analysis**

**A. Standard of Review**

In her sole issue, Mother contends the trial court erred in concluding she and Father were not informally married. Mother characterizes the trial court's error as an abuse of discretion. Abuse of discretion is not the correct standard of review to be applied in this case, however. When a case is tried to the court, we review the trial court's findings of fact in the same manner as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *In re Estate of Walker*, No. 02-08-00371-CV, 2009 WL 1996301, at *2 (Tex. App.—Fort

Worth July 9, 2009, no pet.) (mem. op.). Such findings are reviewable for legal and factual sufficiency of the evidence. *Anderson*, 806 S.W.2d at 794. We liberally construe Mother's arguments in this appeal as challenging the factual sufficiency of the evidence to support the trial court's ruling. In reviewing for factual sufficiency, we weigh all of the evidence in the record and overturn a finding only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).

## B. Informal Marriage

An informal marriage may be proven by evidence the couple agreed to be married and, after the agreement, they lived together in this state as spouses and represented to others that they were married. TEX. FAM. CODE ANN. § 2.401(a). An agreement to be informally married may be established by direct or circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993). Evidence of cohabitation and holding out the other party as one's spouse may constitute some evidence of an agreement to be married depending on the facts of the case. *Assoun v. Gustafson*, 493 S.W.3d 156, 160 (Tex. App.—Dallas 2016, pet. denied). Because in modern society it is difficult to infer an agreement to be married from cohabitation, evidence of "holding out" must be particularly convincing to be probative of such an agreement. *Id*. Holding out requires more than occasional references to each other as "wife" or "husband." *Smith v. Deneve*, 285 S.W.3d 904, 910 (Tex. App.—Dallas 2009, no pet.). A couple's reputation in the community as being married is a significant factor in determining the holding out element. *Id*.

Mother argues the facts in this case that favor informal marriage include the length of her relationship with Father, their cohabitation, their children together, and the trial court's concerns regarding Father's credibility. None of these facts go to the critical issue of whether Mother and Father held themselves out as a married couple. Although Mother testified Father "always" introduced her as his wife, she provided no evidence of her and Father's reputation in the

–4–

community as being married.[1]  Mother's son Michael testified regarding only one incident when Father referred to Mother as his "wife" and he admitted he never heard Mother and Father discuss an agreement to be married.  Michael's belief that Mother and Father were married was based solely on the fact that they were in a relationship and had children together.  In contrast, both Father and Luis testified Mother and Father never held themselves out as a married couple and Luis stated Mother affirmatively denied she and Father were married.

The evidence presented to the trial court to establish the marriage was, at best, conflicting. Although the trial judge stated he doubted Father's testimony on some issues, he voiced no similar concerns about Luis's testimony that Father never represented to others he was married to Mother and that Mother represented to him that she and Father had no commitment to each other.  Where the evidence is conflicting about the existence of an informal marriage, the conflict must be resolved by the factfinder.  *See Walker*, 2009 WL 1996301, at *4.

Mother bore the burden of proof to show by a preponderance of the evidence that she and Father were informally married.  *See Small v. McMaster*, 352 S.W.3d 280, 282–83 (Tex. App.— Houston [14th Dist.] 2011, pet. denied).  After reviewing all the evidence in the record, we cannot say the trial court's finding that Mother failed to meet this burden is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.  *See Walker*, 2009 WL 1996301, at *4.  We resolve Mother's sole issue against her.

---

[1]  Attached to Mother's brief are several affidavits that appear to relate to Mother and Father's reputation in the community as being married.  The affidavits show on their face they were not filed in the trial court, but instead were created only for submission on appeal.  We cannot consider on appeal matters not properly presented to the trial court and such matters cannot be incorporated into the appellate record by attaching them to a brief.  *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (appellate court cannot consider affidavits not part of trial court record in determining merits of appeal).

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

180452F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF J.G.S., A CHILD

No. 05-18-00452-CV

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. FA-16-0898.
Opinion delivered by Justice Reichek.
Justices Schenck and Nowell participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Juan Serrano recover his costs of this appeal from appellant Martha Veleta-Dominguez.

Judgment entered this 28th day of January, 2019.